J-S42023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC RHOADS | |
| Appellant | No. 125 MDA 2017 |

Appeal from the Judgment of Sentence February 1, 2017
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000400-2016

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:                **FILED NOVEMBER 06, 2017**

Eric Rhoads appeals from the February 1, 2017 judgment of sentence entered in the Clinton County Court of Common Pleas following his plea of *nolo contendere* to one count each of stalking and theft by unlawful taking – movable property.[1]  We affirm.

On November 3, 2016, Rhoads entered a plea of *nolo contendere* to the above charges.  On December 5, 2016, the trial court sentenced Rhoads to a term of 11½ to 24 months' incarceration on the stalking conviction and a consecutive term of 60 months' probation for the theft conviction.  The trial court also imposed a $1,000 fine.  On February 1, 2017, the trial court entered an amended sentencing order, correcting a typographical error.

_____

[1] 18 Pa.C.S. §§ 2709.1(a)(1) and 3921(a), respectively.

Rhoads raises the following issue on appeal:

> Whether the court abused its discretion in sentencing [Rhoads] to essentially the maximum of the minimum sentence on a stalking charge and the maximum available period of probation on the theft charge resulting in an aggregate sentence of eleven and one-half (11 ½) to twenty-four (24) months minus one (1) day and five (5) years consecutive probation.

Rhoads' Br. at 9 (unnecessary capitalization omitted).

An appeal from the discretionary aspects of sentencing is not guaranteed as a matter of right. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa.Super. 2010). Before addressing such a challenge, we must determine:

> (1) whether the appeal is timely; (2) whether [the] [a]ppellant preserved his [or her] issue; (3) whether [the] [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)); *see* Pa.R.A.P. 2119(f).

Here, Rhoads filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons for allowance of appeal under Rule 2119(f). We must now determine whether he has raised a substantial question that his sentence is inappropriate under the Sentencing Code.

We evaluate whether a particular issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where an appellant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting *Commonwealth v. Naranjo*, 53 A.2d 66, 72 (Pa. 2002)).

In his Rule 2119(f) statement, Rhoads contends that his minimum sentence for the stalking conviction and the length of his probation sentence for the theft conviction are excessive and argues that the trial court did not consider and/or adequately consider "numerous factors." Rhoads' Br. at 7.[2] "[A]n excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial

---

[2] Rhoads does not identify which factors he believes the trial court failed to consider in his Rule 2119(f) statement. "Generally, a bald excessiveness claim does not raise a substantial question." *Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa.Super. 2015). However, elsewhere in his brief, Rhoads identifies the factors he contends the trial court did not consider, including: his age, that he was readily employable, that he had not been involved with the criminal justice system since 2007, that he had been incarcerated for five months by the time of sentencing, that the trial court placed undue weight on his past violation of a protection from abuse order where the victim withdrew similar charges, and that the trial court placed great weight on its belief that Rhoads is a danger to society even though his prior record consisted primarily of driving under the influence offenses, and there was no allegation that alcohol was involved in the instant offenses. *See* Rhoads' Br. at 14, 16.

question," ***Commonwealth v. Zeigler***, 112 A.3d 656, 662 (Pa.Super. 2015), as does "[a]n averment that the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [the a]ppellant, as 42 P[a].C.S.[ ] § 9721(b) requires[,]" ***Commonwealth v. Derry***, 150 A.3d 987, 992 (Pa.Super. 2016) (quoting ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012)) (some alterations in original). Accordingly, we conclude that Rhoads has raised a substantial question for our review.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** The Sentencing Code requires a trial court to impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); ***see Commonwealth v. Walls***, 926 A.2d 957, 962 (Pa. 2007).

At the time of sentencing, the trial court stated:

> Mr. Rhoads is before this Court for sentencing as previously referenced to two counts of the information, stalking and theft by unlawful taking, both misdemeanors of the first degree, I believe. The only agreement in this

case is that [Rhoads] will be permitted to serve his minimum sentence locally. The Court will honor that portion of the agreement. The Court has reviewed the sentencing guidelines. They were previously referenced. They were referenced correctly. I'm not going to repeat those. Also reviewed the Pre-Sentence Investigation, and listened very closely to the victim impact statement that was provided today by [the victim], as well as the statement that was included with the presentence.

Mr. Rhoads has been in the criminal system since 2001. He's had numerous DUI offenses and various assault offenses. The violation of the Protection from Abuse Order was mentioned today. I place an extreme amount of weight on that violation. It is clear to this Court that Mr. Rhoads does not have the ability to take no for an answer when it comes to this relationship. He's 38 years old, he's single, has one child, he's unemployed but does possess a high school diploma. It's clear to this Court that he has a significant issue with alcohol. Apparently he sees himself as a loaner [sic]. Since he's been incarcerated, he has not attended any groups and he doesn't socialize. That's another red flag for the Court. To date he's been in the Intermediate Punishment Program. He served time at the county level. He's been placed in the State Intermediate Punishment [("SIP")] program, and he's currently subject to a 36 month probation tail from his SIP sentence.

The Court is extremely concerned over [Rhoads'] behavior. It is clear to the Court that [Rhoads] has not been deterred in any manner from his criminal behavior. Nothing that's been done in the past has worked. The Court accepts the victim's position that she is fearful for her life. The Court understands her position, and also believes that she's somewhat in danger. The Court finds that Mr. Rhoads is likely to again engage in criminal behavior and that he is definitely a threat to [the victim], and more than likely a threat to society, in general. Probation and partial confinement are not options under the circumstances. The Court will not consider a time served sentence as requested by counsel today. The Court believes that an extensive period of incarceration and supervision are necessary and appropriate under the circumstances.

N.T., 12/5/16, at 9-11.

The trial court considered the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Rhoads' rehabilitative needs. *See* 42 Pa.C.S. § 9721(b). Further, "[w]here pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)). Therefore, we conclude that the trial court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2017